*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

NICKGRACE INC, doing business as
UNIVERSITY OFFICE TECHNOLOGIES, INC,

FOR PUBLICATION
July 14, 2026
2:27 PM

Plaintiff-Appellee,

v

No. 376127
Washtenaw Circuit Court
LC No. 22-001177-CB

AARON GURGUL, DAN HEIMLER, and
WATCHDOG CYBER LLC,

Defendants-Appellants.

Before: M. J. KELLY, P.J., and PATEL and KOROBKIN, JJ.

M. J. KELLY, P.J.

In this case involving the right to a jury trial in a civil case, defendants appeal by leave granted[1] the trial court order granting plaintiff's motion to proceed without a jury. The court's decision was premised upon its mistaken belief that, under the undisputed factual circumstances, it lacked discretion to empanel a jury. We conclude that a trial court retains discretion to empanel a jury even in cases where the parties fail to properly preserve their constitutional right to a jury trial. Accordingly, we reverse and remand for further proceedings consistent with this opinion.

## I. BASIC FACTS

The facts relevant to this appeal are not controverted. In August 2022, plaintiff filed a complaint against defendants. Included in the body of the complaint was plaintiff's demand for a jury trial. Defendants responded by filing an answer and a separate document declaring their reliance upon plaintiff's jury demand. Defendants also demanded a jury trial if plaintiff were to withdraw its jury demand. For approximately the next two years, the parties and the court proceeded as if the matter was set for a jury trial.

---

[1] *Nickgrace, Inc v Gurgul*, unpublished order of the Court of Appeals, entered August 19, 2025 (Docket No. 376127).

-1-

Over two years later, plaintiff brought to the court's attention that it had failed to pay the jury fee that was required by MCR 2.508. Thereafter, plaintiff filed a motion to proceed without a jury. Defendants opposed the motion, and, the day before the hearing on plaintiff's motion, defendants paid the jury fee. Following that hearing, the trial court determined that it lacked discretion to empanel a jury, so it granted plaintiff's motion.

## II. DEMAND FOR A JURY TRIAL

### A. STANDARD OF REVIEW

Defendants argue that the trial court erred by granting plaintiff's motion to proceed without a jury trial. Although we review de novo whether a party has a right to a jury trial, *Bellevue Ventures, Inc v Morang-Kelly Investment, Inc*, 302 Mich App 59, 66; 836 NW2d 898 (2013), the parties in this case have a constitutional right to a jury trial. See Const 1963, art 1, § 14 (stating that "[t]he right of trial by jury shall remain, but shall be waived in all civil cases unless demanded by one of the parties in the manner prescribed by law"); see also MCR 2.508(A) ("The right of trial by jury as declared by the constitution must be preserved to the parties inviolate."). Therefore, the question in this case is whether there was a proper demand for a jury trial by one of the parties. Resolution of that question involves the interpretation of MCR 2.508, which is a matter that we review de novo. See *Barretta v Zhitkov*, 348 Mich App 539, 549; 19 NW3d 420 (2023). "The interpretation and application of a court rule is governed by the principles of statutory construction, commencing with an examination of the plain language of the court rule." *Magdich & Associates, PC v Novi Development Associates, LLC*, 305 Mich App 272, 275; 851 NW2d 585 (2014). Finally, the court's decision to empanel a jury, even if the parties fail to demand it as required by MCR 2.508, is reviewed for an abuse of discretion. *Basmajian v City of Detroit*, 256 Mich 539, 541-542; 240 NW 87 (1932) (recognizing that empaneling a jury after a party has failed to properly demand a jury trial is a matter within the trial court's discretion). It is well-established that a trial court "commits reversible error if he or she does not recognize that he or she has discretion and therefore fails or refuses to exercise it." *People v Meritt*, 396 Mich 67, 80; 238 NW2d 31 (1976).

### B. ANALYSIS

Defendants first argue that, contrary to MCR 2.508(D)(3), the trial court erroneously permitted plaintiff to unilaterally withdraw its jury demand. MCR 2.508(D)(3), provides that "[a] demand for trial by jury may not be withdrawn without the consent, expressed in writing or on the record, of the parties or their attorneys." It is, however, axiomatic that, in order for a party to withdraw a demand for a jury, it must have first made a demand for a jury.

MCR 2.508 sets forth the manner by which a party may demand its constitutional right to a jury trial. MCR 2.508(B)(1) provides:

> (1) A party may demand a trial by jury of an issue as to which there is a right to trial by jury by filing a written demand for a jury trial within 28 days after the filing of the answer or a timely reply. The demand for a jury must be filed as a separate document. The jury fee provided by law must be paid at the time the demand is filed.

The language in the rule plainly provides that a demand for jury (1) must be filed in writing within 28 days after the answer or a timely reply is filed, (2) must be filed as a separate document, and (3) must be accompanied at that time by payment of the jury fee. What plaintiff filed as the purported jury demand satisfied the first requirement because it was in a timely filed writing. It did not satisfy the second requirement, however, because it was in the body of the complaint, not a separate document. Additionally, the jury fee was never paid. Consequently, plaintiff did not make a demand for a jury trial as required by MCR 2.508(B)(1). Moreover, MCR 2.508(D)(1) expressly provides that "[a] party who fails to file a demand or pay the jury fee *as required by this rule* waives trial by jury." (Emphasis added). Therefore, notwithstanding plaintiff's attempt to preserve a jury trial by filing a written "demand" for one, plaintiff clearly waived its right to a jury trial.

We conclude that, because plaintiff never made an appropriate demand for a jury trial as required by MCR 2.508(B)(1), there is no demand that plaintiff could attempt to unilaterally withdraw under MCR 2.508(D)(3).

Defendants next argue that their right to a jury trial was preserved because they filed a document stating that they were relying upon plaintiff's jury demand. It is true that "once one party has filed a jury demand, all other parties may rely on that jury demand and need not independently file their own demand for a jury trial." *Mink v Masters*, 204 Mich App 242, 246; 514 NW2d 235 (1994). That is, "where a plaintiff has filed a jury demand, the defendant need do nothing further to preserve its right to a trial by jury." *Id*. at 247. The difference between this case and *Mink*, however, is that the plaintiff in *Mink* "filed a demand for jury trial." *Id*. at 246. As noted, however, in this case plaintiff did not file a proper jury demand as required by MCR 2.508(B)(1). Instead, as noted above, plaintiff waived its right to a jury trial under MCR 2.508(D)(3) by not paying the jury fee or filing a demand in accordance with the court rule.

We conclude that because plaintiff did not make a demand for a jury trial as required by MCR 2.508(B)(1), there is no demand that defendants could rely upon to preserve their right to a jury trial. See also Const 1963, art 1, § 14 (expressly stating that the right to a jury trial must be "demanded by one of the parties in the manner prescribed by law").

Defendants alternatively argue that they independently preserved their right by filing their own demand for a jury trial. In their pleading captioned "reliance on jury demand," defendants stated that they "demand Trial by Jury on all claims in this matter." That demand was in writing and in a separate document that was filed within 28 days of the answer, so it satisfied two of the three requirements of MCR 2.508(B)(1). However, the jury fee was not paid at the time that defendants' reliance and demand was made.[2] Therefore, under MCR 2.508(D)(1), defendants waived their right to a jury trial.

Having determined that neither plaintiff nor defendants preserved their right to a jury trial, we turn now to the crux of the issue before us: whether the trial court nevertheless had discretion

---

[2] The fact that defendants eventually paid the jury fee does not revoke that waiver and reinstate their right to a jury trial.

to empanel a jury. The trial court concluded that it lacked such discretion and granted plaintiff's motion to proceed without a jury. We disagree.

It is well-established that a trial court has discretion to empanel a jury even in cases where the parties did not demand it in the manner prescribed by law. See *Basmajian*, 256 Mich at 541-542 (recognizing that empaneling a jury after a party has failed to properly demand a jury trial is a matter within the trial court's discretion); *Bachor v City of Detroit*, 49 Mich App 507, 512; 212 NW2d 302 (1973) (holding that because the plaintiffs had not satisfied the requirement of paying the jury fee, their "entitlement to a jury trial became a matter of discretion with the trial court."); *Jamison v Lloyd*, 51 Mich App 570, 573-574; 215 NW2d 763 (1974) (holding that the trial court did not abuse its discretion by allowing a jury trial even though the plaintiff failed to make a written demand for a jury trial); and *Yon v All American Transport Co, Inc*, 104 Mich App 97, 98-99; 304 NW2d 495 (1981) (holding that the trial court abused its discretion by refusing to empanel a jury after the court conditioned the right to a jury trial upon the payment of the jury fee by the party that failed to pay the fee in the first instance).[3]

Here, the trial court expressly determined that, under *Yon*, it lacked discretion to empanel a jury. In doing so, the trial court focused on language in *Yon* mandating that the nondemanding party make an inquiry with the court clerk as to whether the jury fee had been paid. See *id*. at 101. Because no such inquiry was made by defendants in this case, the trial court appears to have concluded that a jury could not be empaneled. We must, therefore, consider whether *Yon* strips a trial court of its inherent discretion to empanel a jury if the nondemanding party fails to make an inquiry as to the status of the jury fee.

In *Yon*, the party that demanded a jury trial was the defendants. *Id*. at 98. An hour before trial, it was discovered that the defendants had not paid the jury fee. *Id*. at 99. The plaintiffs offered to pay the jury fee, but the trial court refused. *Id*. Instead, the court offered the defendants the opportunity to pay the jury fee and proceed with a jury trial. *Id*. The defendants decided that they no longer desired a jury, so they did not pay the fee. *Id*.

The *Yon* Court first considered the fact that the plaintiffs had—at some point—called the clerk to inquiry as to whether the jury fee had been paid. *Id*. In doing so, the *Yon* Court suggested—without citation to any legal authority—that "the nondemanding party has an obligation to check with the clerk of the court to ascertain if the jury fee has been paid." *Id*. Because there is no legal basis upon which to condition the mandatory determination of such an inquiry, we reject[4] the *Yon* Court's suggestion that it is mandatory for the nondemanding party to make an inquiry into whether the jury fee has been paid. Instead, we conclude that the fact that an inquiry is or is not made is a circumstance that may be considered by the court when it is weighing

---

[3] See *Schaumann-Beltran v Gemmete*, 509 Mich 979, 979 n 1 (2022) (noting that we are not bound by cases decided before November 1, 1990).

[4] See *Hopkins*, 340 Mich App at 692 n 9 (noting that we are not bound by cases decided before November 1, 1990).

whether to exercise its discretion to empanel a jury when the right to a jury has not been properly demanded.

Indeed, the *Yon* Court did not actually treat the fact that the plaintiffs had made such an inquiry to be dispositive. Instead, after considering the actions plaintiff took that lessened its culpability for the fee not being paid, the *Yon* Court considered the defendants' culpability. *Id*. at 101. Specifically, the Court noted that, despite the trial court's recognition of the fact that either party could pay the jury fee, the court "permitted the *more culpable* defense counsel the opportunity to pay the fee if it still desired, while refusing to allow the plaintiffs' attorney this option." *Id*. at 101 (emphasis added). The *Yon* Court added that it was "unable to divine any reason upon the record at hand which could possibly justify the court in granting to [the] defendants the exclusive option of whether or not to proceed with a jury trial when they were errant in not timely paying the fee in the first instance." *Id*. Ultimately, after considering the relative culpability of the parties, the *Yon* Court concluded that the trial court had abused its discretion by refusing to allow a jury trial. *Id*. at 100-101.

In sum, it is clear that a trial court retains discretion to empanel a jury even in cases where the party demanding a jury trial has failed to make its demand in the manner prescribed by law. Here, the trial court's decision to proceed with a bench trial was premised upon its erroneous belief that it lacked discretion to empanel a jury. By not recognizing and exercising its discretion, the trial court erred. See *Meritt*, 396 Mich at 80. We therefore reverse and remand to the trial court for it to consider whether to exercise its discretion to determine if a jury should be empaneled in this case.

On remand, the trial court can consider the ease by which the defects in plaintiff's jury demand could have been discovered by defendants, including the fact that defendants could have contacted the court clerk to make an inquiry as to whether the jury fee had been paid. But it should also consider that those same defects should have been more apparent to plaintiff given that plaintiff was the party that did not file the demand on a separate document and did not timely pay the jury fee as required by MCR 2.508. The trial court should also consider that defendants made an independent demand for a jury trial and that they, unlike plaintiff, eventually paid the jury fee. The court may also consider any other facts that it finds relevant to its determination of whether to empanel a jury.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction. Neither party having prevailed in full, no taxable costs are awarded. MCR 7.219(A).

/s/ Michael J. Kelly
/s/ Sima G. Patel
/s/ Daniel S. Korobkin